UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MANDY BLANKENSHIP,
LARRY SHIPP,
    Plaintiffs,

v.

MONTEREY FINANCIAL SERVICES, LLC,
a California company,
    Defendant.
_____

# COMPLAINT & JURY DEMAND

Plaintiffs, Mandy Blankenship and Larry Shipp, through counsel, Michigan Consumer Credit Lawyers, state the following claims for relief:

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA"), the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC") and the Telephone Consumer Protection Act at 47 U.S.C. 227(a)

## JURISDICTION

2. This court has jurisdiction under the FDCPA. 15 U.S.C. § 1692k(d) and 28 U.S.C. §§1331, 1337.

3. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims, pursuant to 28 U.S.C. 1367.

## PARTIES

4. Plaintiffs are natural persons residing in Waterford, Oakland County, Michigan. Plaintiffs are a "consumer" and "person" as the terms are defined and used in the FDCPA. Plaintiffs also are a "consumer," "debtor" and "person" as the term is defined and or used in the MCPA and MOC.

5. The Defendant to this lawsuit is Monterey Services, LLC ("Monterey Services") which is a California company that maintains registered offices in Eaton Rapids, Eaton County, Michigan.

## VENUE

6. The transactions and occurrences which give rise to this action occurred in Oakland County, Michigan.

7. Venue is proper in the Eastern District of Michigan, Southern Division.

## GENERAL ALLEGATIONS

8. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff, Mandy Blankenship, to Wags in the amount of approximately $1,800.00 (the "Debt").

9. Sometime in September 2016, Ms. Blankenship bought a dog from Wags. She put $2,000.00 down and agreed to pay it approximately $140.00 a month until approximately $1,800.00 on top of the $2,000.00 was paid. Ms. Blankenship was told by Wags that it would send her monthly bills so that she could make her monthly payments.

10. In October, 2016, Defendant started calling Ms. Blankenship's fiancé, Larry Shipp, over the collection of her alleged Debt. Mr. Shipp does not owe the alleged Debt.

11. Defendant has contacted Mr. Shipp at least 35 times on his cellular phone using automated recordings attempting to collect Ms. Blankenship's alleged Debt. In many of its voicemails to Mr. Shipp, Defendant failed to communicate that the call was from a debt collector attempting to collect an alleged debt. Mr. Shipp put Defendant on his blocked call list.

12. Defendant has called Mr. Shipp using equipment that automated the dialing process on his cellular phone on the following dates:

    a. October 26, 2016;

b. October 27, 2016;

c. October 28, 2016;

d. October 31, 2016;

e. November 3, 2016;

f. November 4, 2016;

g. November 5, 2016;

h. November 7, 2016;

i. November 8, 2016;

j. November 9, 2016;

k. November 10, 2016;

l. November 11, 2016;

m. November 12, 2016;

n. November 14, 2016;

o. November 15, 2016;

p. November 16, 2016;

q. November 17, 2016;

r. November 19, 2016;

s. November 21, 2016;

t. November 28, 2016;

u. November 29, 2016;

  v.  November 30, 2016;

  w.  December 7, 2016;

  x.  December 8, 2016;

  y.  December 12, 2016;

  z.  December 13, 2016;

  aa. December 14, 2016;

  bb. December 15, 2016; and

  cc. December 16, 2016.

13. Ms. Blankenship never received any bill from Wags, so she did not pay her monthly $140.00 payments.

14. On or about November 10, 2016, Defendant called Ms. Blankenship attempting to collect the alleged Debt. During this conversation, Ms. Blankenship asked Defendant to send her a written validation of the alleged Debt.

15. On or about November 28, 2016, Defendant called Ms. Blankenship and left her a voicemail at 2:04 p.m. In this voicemail, Defendant failed to identify its company name or that the communication was from a debt collector. The voicemail stated that Defendant was calling for Mandy Blankenship in regards to a previous conversation it had with her. That conversation was when Ms. Blankenship discussed possibly making a $149.00 payment to

Defendant. Defendant said in its voicemail, "You have failed to follow through with the agreement that was made for the 20th, I'm sorry, for the 18th. Please make it a priority to resolve this matter by contacting my office today." Defendant then left its phone number.

16. On or about November 29, 2016, Defendant called Ms. Blankenship and left her a voicemail at 1:17 p.m. In this voicemail, Defendant again failed to identify its company name or that the communication was from a debt collector. In this voicemail, Defendant stated that the voicemail was for Mandy Blankenship and it stated, "We have left you several messages that have not been returned and it is important that you return my call today." Defendant then left its phone number.

17. On or about November 30, 2016, Ms. Blankenship received another voicemail from Defendant. In this message, Defendant failed to identify itself as a debt collector.

18. On or about December 1, 2016, Defendant called Ms. Blankenship and left her a voicemail at 2:20 p.m. In this voicemail, Defendant again failed to identify its company name or that the communication was from a debt collector. In this voicemail, Defendant stated that the message was for Mandy Blankenship in reference to Wags for the Boston terrier. Defendant indicated that it left several messages for her to rectify her current situation

and that she failed to return their calls. Defendant's representative said that he may be able to offer assistance but that he must hear back from her immediately. Defendant advised Ms. Blankenship to please make this a priority and return Defendant's phone call today. Defendant left its phone number for her to call back.

19. On or about December 7, 2016, Ms. Blankenship received another voicemail from Defendant where it again failed to identify itself as a debt collector. Defendant said it was calling regarding an urgent matter and that it needed an immediate return phone call to discuss options available to Plaintiff.

20. On or about December 8, 2016, Ms. Blankenship received another voicemail from Defendant where it again failed to identify itself as a debt collector. Defendant again said it was calling regarding an urgent matter and that it needed an immediate return phone call to discuss options available to Plaintiff.

21. On or about December 12, 2016, Ms. Blankenship received yet another voicemail from Defendant where it again failed to identify itself as a debt collector. Defendant again said it was calling regarding an urgent matter and that it needed an immediate return phone call to discuss options available to Plaintiff.

22. On or about December 12, 2016, Ms. Blankenship received another voicemail from Defendant where it again failed to identify itself as a debt collector. Defendant again said it was calling regarding an urgent matter and that it needed an immediate return phone call to discuss options available to Plaintiff.

23. On or about December 13, 2016, Ms. Blankenship received another voicemail from Defendant where it again failed to identify itself as a debt collector. Defendant again said it was calling regarding an urgent matter and that it needed an immediate return phone call to discuss options available to Plaintiff.

24. On or about December 14, 2016, Ms. Blankenship received another voicemail from Defendant where it again failed to identify itself as a debt collector. Defendant again said it was calling regarding an urgent matter and that it needed an immediate return phone call to discuss options available to Plaintiff.

25. On or about December 15, 2016, Ms. Blankenship received another voicemail from Defendant where it again failed to identify itself as a debt collector. Defendant again said it was calling regarding an urgent matter and that it needed an immediate return phone call to discuss options available to Plaintiff.

26. To date, Ms. Blankenship has not received anything in writing from Defendant.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff reincorporates the preceding allegations by reference.

28. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

29. Plaintiffs are a "consumer" for purposes of the FDCPA and the account at issue in this case is a "debt" under the FDCPA.

30. Defendant is a "debt collector" under the FDCPA.

31. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. §1692c(b) by communicating with any person other than the consumer in connection with the collection of an alleged debt. Defendant did this when it contacted Ms. Blankenship's fiancé, Mr. Shipp, numerous times in an attempt to collect her alleged Debt;

   b. 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of any debt. Defendant did this when it left both Plaintiffs

numerous consecutive voicemails without identifying itself as a debt collector and stating that the matter was urgent;

c. 15 U.S.C. §1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity.

d. 15 U.S.C. §1692d(5) by causing a telephone to right or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person as the called number. Defendant did this when it placed numerous phone calls and left numerous voicemails to both Plaintiffs.

e. 15 U.S.C. §1692e(10) by using false representations or deceptive means to collect a debt by stating that the matter was urgent in the voicemails it left Ms. Blankenship;

f. 15 U.S.C. §1692e(11) by failing to identify itself as a debt collector in subsequent communications. Defendant did this when it left Plaintiffs numerous voicemails without identifying itself as a debt collector;

g. 15 U.S.C. §1692g(a)(1) by failing to send Ms. Blankenship a notice containing the amount of the debt within five days after the initial communication with Ms. Blankenship in connection with the collection of the alleged Debt;

    h. 15 U.S.C. §1692g(a)(2) by failing to send Ms. Blankenship a notice containing the name of the creditor to whom the debt is owed within five days after the initial communication with Ms. Blankenship in connection with the collection of the alleged Debt

    i. 15 U.S.C. §1692g(a)(3) by failing to send Ms. Blankenship a notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector within five days after the initial communication with Ms. Blankenship in connection with the collection of the alleged Debt;

    j. 15 U.S.C. §1692g(a)(4) by failing to send Ms. Blankenship a notice containing a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector within five days after the initial communication with Ms. Blankenship in connection with the collection of the alleged Debt; and

    k. 15 U.S.C. §1692g(a)(5) by failing to send Ms. Blankenship a notice containing a statement that, upon the consumer's written request

within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor within five days after the initial communication with Ms. Blankenship in connection with the collection of the alleged Debt.

32. Plaintiffs have suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA, plus has incurred costs and attorneys' fees.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

33. Plaintiffs incorporate the preceding allegations by reference.
34. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).
35. Plaintiffs are a debtor as that term is defined in M.C.L. § 339.901(f).
36. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:
    a. MCL §339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt. Defendant did this when it

   left Plaintiffs numerous voicemails stating that the matter was urgent and without identifying itself as a debt collector;

   b. MCL §339.915(f)(ii) by misrepresenting the legal rights of the creditor or debtor. Defendant did this when it failed to send Ms. Blankenship a notice containing her 30-day validation rights;

   c. MCL §339.915(g) by communicating with a debtor without accurately disclosing the caller's identity. Defendant did this when it left Plaintiffs numerous voicemails without identifying its company name;

   d. MCL §339.915(n) by using a harassing, oppressive, or abusive method to collect a debt. Defendant did this when it left Plaintiffs numerous consecutive voicemail and by stating that the matter was urgent in some of its voicemails; and

   e. MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

37. Plaintiffs have suffered damages as a result of these violations of the Michigan Occupational Code.

38. These violations of the Michigan Occupational Code were willful.

### COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

39. Plaintiffs incorporate the preceding allegations by reference.

40. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

41. Plaintiffs are a "Consumer" as that term is defined at MCL § 445.251.

42. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

    a. MCL §445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt. Defendant did this when it left Plaintiffs numerous voicemails stating that the matter was urgent and without identifying itself as a debt collector;

    b. MCL §445.252(f)(ii) by misrepresenting the legal rights of the creditor or debtor. Defendant did this when it failed to send Ms. Blankenship a notice containing her 30-day validation rights;

    a. MCL §445.252(g) by communicating with a debtor without accurately disclosing the caller's identity. Defendant did this when it left Plaintiffs numerous voicemails without identifying its company name;

    b. MCL §445.252(n) by using a harassing, oppressive, or abusive method to collect a debt. Defendant did this when it left Plaintiffs numerous consecutive voicemails without identifying itself as a debt

  collector and stating in some voicemails that the matter was urgent; and

  c. MCL §445.252 (q) by failing to implement a procedure designed to prevent a violation by an employee.

43. Plaintiffs have suffered damages as a result of these violations of the MCPA.

44. These violations of the MCPA were willful.

## COUNT IV - VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT.

45. Mr. Shipp reincorporates the preceding allegations by reference.

46. At all relevant times, Defendant, upon information and belief, was using an "automatic telephone dialing system" in connection with its offending contacts with Mr. Shipp as that term is defined at 47 U.S.C. 227(a)(1).

47. At no time has the Defendant ever had an "established business relationship" with Mr. Shipp as that term is defined at 47 U.S.C. 227(a)(2).

48. Mr. Shipp is a "consumer" for purposes of the FDCPA and the debt at issue is a consumer debt.

49. In violation of the proscription against contacting persons on cellular telephones, the Defendant made several contacts in contravention of 47 USC 227(b)(1)(iii).

50. These violations of this statute were all willful.

51. Mr. Shipp has suffered damages as a result of these violations of the Telephone Consumer Protection Act at 47 U.S.C. 227(b)(3).

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiffs requests that the Court grant them the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted,

/s/ Gary Nitzkin
GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD (P68710)
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com

Dated: December 30, 2016