UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MANDY BLANKENSHIP, ET AL.,
    Plaintiffs,

Case No. 16-14506
HON. BERNAD A. FRIEDMAN

vs

MONTEREY FINANCIAL SERVICES,
    Defendant(s),

and

MONTEREY FINANCIAL SERVICES,
    Counter-Plaintiff(s),

vs

MANDY BLAKENSHIP
    Counter-Defendant.
_____

## PROPOSED JOINT DISCOVERY PLAN

This Proposed Joint Discovery Plan was prepared pursuant to Federal Rule of Civil Procedure 26(f).

1. **<u>DATE OF MEETING:</u>** A Rule 26(f) conference was held on March 2, 2017. The following persons participated:

    **a.** Travis L. Shackelford representing Plaintiff/Counter-Defendant Mandy Blankenship and Plaintiff Larry Shipp.

     **b.** Brendan H. Little representing Defendant/Counter-Plaintiff Monterey Financial Services, LLC ("Monterey Financial Services").

## 2. STATEMENT OF THE CASE:

     **a. Plaintiffs, Mandy Blankenship and Larry Shipp:**

Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff Mandy Blankenship, to Wags in the amount of approximately $1,800.00 (the "Debt"). Sometime in September 2016, Ms. Blankenship bought a dog from Wags. She put down $2,000.00 down and agreed to pay it approximately $140.00 a month until approximately $1,800.00 on top of the $2,000.00 was paid. Ms. Blankenship was told by Wags that it would send her monthly bills so that she could make her monthly payments. In October 2016, Defendant started calling Ms. Blankenship's fiancé Larry Shipp, over the collection of her alleged Debt. Mr. Shipp does not owe the alleged Debt. Defendant has contacted Mr. Shipp at least 35 times on his cellular phone using automated recordings attempting to collect Ms. Blankenship's alleged Debt. In many of its voicemails to Mr. Shipp, Defendant failed to communicate that the call was from a debt collector attempting to collect an alleged debt. Mr. Shipp put Defendant on his blocked call list. Defendant has called Mr. Shipp using equipment that automated the dialing process on his cellular phone on the following dates in 2016:

        i.    October 26th, 27th, 28th, 31st;

      ii.    November 3rd, 4th, 5th, 7th, 8th, 9th, 10th, 11th, 12th, 14th, 15th, 16th, 17th, 19th, 21st, 28th, 29th, 30th; and

      iii.    December 7th, 8th, 12th, 13th, 14th, 15th, 16th.

Ms. Blankenship never received any bills from Wags, so she did not pay her $140 monthly payments. On or about November 10, 2016, Defendant called Ms. Blankenship attempting to collect the alleged Debt. During this conversation, Ms. Blankenship asked Defendant to send her a written validation of the alleged Debt. On or about November 28, 2016, Defendant called Ms. Blankenship and left her a voicemail at 2:04 p.m. In this voicemail, Defendant failed to identify its company name or that the communication was from a debt collector. The voicemail stated Defendant was calling for Mandy Blankenship in regards to a previous conversation it had with her. That conversation was when Ms. Blankenship discussed possibly making a $149.00 payment to Defendant. Defendant said in its voicemail, "You have failed to follow through with the agreement that was made for the 20th, I'm sorry, for the 18th. Please make it a top priority to resolve this matter by contacting my office today." Defendant then left its phone number. On or about November 29, 2016, Defendant called Ms. Blankenship and left her a voicemail at 1:17 p.m. In this voicemail, Defendant again failed to identify its company name or that the communication was from a debt collector. In this voicemail, Defendant stated that the voicemail was for Mandy Blankenship and it

3

stated, "We have left you several messages that have not been returned and it is important that you return my call today." Defendant then left its phone number.

On or about December 1, 2016, Defendant called Ms. Blankenship and left her a voicemail at 2:20 p.m. In this voicemail, Defendant again failed to identify its company name or that the communication was from a debt collector. In this voicemail, Defendant stated that the message for Mandy Blankenship in reference to Wags for the Boston terrier. Defendant indicated that it left several messages for her to rectify her current situation and that she failed to return their calls. Defendant's representative said that he may be able to offer assistance but that he must hear back from her immediately. Defendant advised Ms. Blankenship to please make this a priority and return Defendant's phone call today. Defendant left its phone number for her to call back. On December 7th, 8th 12th, 13th, 14th and 15th Ms. Blankenship received the same voicemail from Defendant where it again failed to identify itself as a debt collector. Defendant said it was calling regarding an urgent matter and that it needed an immediate return phone call to discuss options available to Plaintiff. To date, Ms. Blankenship has not received anything in writing from Defendant.

   b. **<u>Defendant, Monterey Financial Services:</u>**

Fair Debt Collection Practices Act

On September 20, 2016, the Plaintiff Mandy Blankenship ("Blankenship") entered into a Lease Agreement with non-party Wags, LLC. Pursuant to the terms of the Lease Agreement, the Blankenship's first payment was due on October 20, 2016. On September 28, 2016, the Defendant sent correspondence to Blankenship informing her that Defendant had been assigned her account for servicing. Accordingly, given that the Defendant began servicing Blankenship's account when it was current, the Fair Debt Collection Practices Act does not apply to the Defendant. *See* 15 U.S.C. §1692a(6)(F)(iii).

Telephone Consumer Protection Act

In applying for credit with Wags, LLC, Blankenship provided Wags, LLC with several telephone numbers – one of which Plaintiffs now claim was dialed in violation of the Telephone Consumer Protection Act ("TCPA"). Plaintiffs' TCPA claim fails because the telephone number was provided on an application for credit and/or contract thereby giving "prior express consent" to be contacted at the number provided.

### c. Counter-Plaintiff, Monterey Financial Services:

Defendant's Counterclaim seeks damages for the cost of its defense and/or indemnity concerning the Plaintiffs' TCPA claim. Given that the Plaintiff

provided the telephone number at issue on an application for credit and/or contract, the Plaintiffs do not have a valid claim pursuant to the TCPA.

    **d. <u>Counter-Defendant, Mandy Blankenship:</u>**

Counter-Defendant denies Counter-Plaintiff's claims and denies that it provided Wags with contact numbers with the intent to generate a claim under the Telephone Consumer Protection Act or deceive Wags and Counter-Plaintiff into violating the Telephone Consumer Protection Act. Counter-Defendant further denies that it caused any damages to Counter-Plaintiff and denies that Counter-Plaintiff is entitled to any of the relief sought in the Counter-Complaint. Counter-Defendant further denies that Counter-Plaintiff can support a claim for damages.

**3. <u>FACTUAL AND LEGAL ISSUES IN DISPUTE:</u>**

    **a.** Whether Defendant's foregoing acts have violated the provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FRCA"):

        **i.** 15 U.S.C. § 1692c(b) by communicating with any person other than the consumer in connection with the collection of an alleged debt;

        **ii.** 15 U.S.C. § 1692d by engaging in conduct the natural consequent of which is to harass, oppress or abuse any person in connection with the collection of any debt;

    iii. 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person as the called number;

    iv. 15 U.S.C. § 1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity;

    v. 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect a debt by stating that the matter urgent in the voicemails it left Ms. Blankenship;

    vi. 15 U.S.C. § 1692e(11) by failing to identify itself as a debt collector in subsequent communications;

    vii. 15 U.S.C. § 1692g(a)(1) by failing to send Plaintiff a notice containing the amount of the debt within five days after initial communication in connection with the collection of the alleged Debt;

    viii. 15 U.S.C. § 1692g(a)(2) by failing to send Plaintiff a notice containing the name of the creditor to whom the debt is owed within five days after the initial communication with Plaintiff in connection with the collection of the alleged Debt;

 **ix.** 15 U.S.C. § 1692g(a)(3) by failing to send Plaintiff a notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any potion hereof, the debt will be assumed to be valid by the debt collector within five days after initial communication with Plaintiff in connection with the collection of the alleged Debt;

 **x.** 15 U.S.C. § 1692g(a)(4) by failing to send Plaintiff a notice containing a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector within five days after the initial communication with Plaintiff in connection with the collection of the alleged Debt; and

 **xi.** 15 U.S.C. § 1692g(a)(5) by failing to send Plaintiff a notice containing a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original

    creditor, if different from the current creditor within five days after the initial communication with the collection of the alleged Debt.

**b.** Whether Defendant's foregoing acts have violated the provisions of the Michigan Occupational Code M.C.L. § 339.901 et seq. ("MOC"):

    **i.** MCL § 339.915(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of the communication when it is made in connection with collecting a debt;

    **ii.** MCL § 339.915(f)(ii) by misrepresenting the legal rights of the creditor or debtor;

    **iii.** MCL § 339.915(g) by communicating with a debtor without accurately disclosing the caller's identity;

    **iv.** MCL § 339.915(n) by using harassing, oppressive, or abusive method to collect a debt; and

    **v.** MCL § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

    c. Whether Defendant's foregoing acts have violated the provisions of the Michigan Collection Practices Act, M.C.L. § 445.251 et seq. ("MCPA"):

        i. MCL § 445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt;

        ii. MCL § 445.252f(ii) by misrepresenting the legal rights of the credit or debtor;

        iii. MCL § 445.252(g) by communicating with a debtor without accurately disclosing the caller's identity;

        iv. MCL § 445.252(n) by communicating with a debtor without accurately disclosing the caller's identity; and

        v. MCL § 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

    d. Whether Defendant's foregoing acts have violated the provisions of the Telephone Consumer Protection Act, 47 U.S.C. 227(a);

    e. The amount of damages, if any, to which Plaintiff is entitled;

    **f.** Whether the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., applies to the Defendant; and

    **g.** Whether the Plaintiffs consented to receiving the telephone calls alleged in the Complaint

**4. <u>RELIEF SOUGHT BY PLAINTIFF:</u>**

Plaintiffs seek actual and statutory damages, treble damages and statutory costs and attorney fees. Counter-Defendant seeks dismissal of Counter-Plaintiff's counter complaint.

5. **<u>DISCOVERY</u>**:

The parties believe that all discovery can be completed by September 8, 2017.

    **a.** <u>Maximum Number of Interrogatories and Time to Respond:</u> The parties defer to Federal Rule of Civil Procedure 33(a). The parties do not seek leave to serve in excess of twenty five (25) interrogatories at this time.

    **b.** <u>Maximum Number of Requests for Admission and Time to Respond:</u> The parties have not agreed on a limitation for requests for admission. The parties defer to Federal Rule of Civil Procedure 36(a)(3) regarding time to respond.

    **c.** <u>Maximum Number of Requests for Production of Documents and Time to Respond:</u> The parties have not agreed on a limitation for

requests for production of documents. The parties defer to Federal Rule of Civil Procedure 34(b)(2) regarding time to respond.

    d. <u>Maximum Number of Depositions by Each Party:</u> The parties defer to Federal Rules of Civil Procedure 30 and 31. The parties do not expect to depose more than seven (7) witnesses each and do not expect any deposition to last longer than seven (7) hours in one day.

    e. <u>Areas requiring expert testimony</u>. The parties have not identified any areas as of yet, requiring expert testimony. However, this may change throughout the course of discovery.

6. **<u>CASE MANAGEMENT AND DEADLINES:</u>**

The parties propose the following:

    a. <u>Time to Make Rule 26(a) Initial Disclosures:</u> The parties will exchange Rule 26(a)(1) disclosures on or before March 17, 2017.

    b. <u>Discovery Completion Date:</u>  September 8, 2017.

    c. <u>Deadline for the Parties to Amend Pleadings or Join Parties:</u> May 12, 2017.

    d. <u>Deadline for the Plaintiff's Disclosure of Expert Witnesses:</u>  June 23, 2017.

    e. <u>Deadline for Defendants' Disclosure of Expert Witnesses:</u>  July 28, 2017.

    **f.** <u>Dispositive Motions Deadline:</u>  October 27, 2017.

7. **<u>TRIAL MANAGEMENT AND DEADLINES:</u>**

    **a.** The parties defer to the court's availability and scheduling preferences as to the date of Trial.

    **b.** Estimated Trial Length: 2-3 days.

8. **<u>ANTICIPATED DISCOVERY DISPUTES:</u>**

The parties do not presently anticipate any Discovery Disputes. The parties may require the entry of a stipulated protective order prior to the production of confidential and/or trade secret information of Defendant/Counter-Plaintiff or confidential financial information of Plaintiffs and Counter-Defendant. Once the parties confer regarding the terms of the stipulated protective order, the same shall be submitted for the Court's approval.

9. **<u>NECESSITY OF AMENDMENTS TO PLEADINGS/ADDITIONAL PARTIES:</u>**

The parties do not anticipate any further amendments to the pleadings.

10. **<u>SETTLEMENT:</u>**

The prospects for settlement of this case are fair, and the parties consent to the referral of this matter to a United States Magistrate Judge for the limited purpose of settlement.

11. **<u>PRETRIAL MOTIONS:</u>**

The parties also may file dispositive motions if appropriate pursuant to Fed. R. Civ. P. 56.

**12.TRIAL:**

The parties anticipate that this matter will take 2-3 days to try.

Respectfully submitted,                    Dated:   March 2, 2017

/s/ Travis Shackelford
_____
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT
LAWYERS
Attorneys for Plaintiffs and
Counter-Defendant
22142 W. Nine Mile Road
Southfield, MI 48033
P: (248) 353-2882
F: (248) 353-4840
tschackelford@creditor-law.com

/s/ Brendan H. Little
_____
BRENDAN H. LITTLE
LIPPES MATHIAS WEXLER
FRIEDMAN LLP
Attorneys for Defendant/Counter-Plaintiff
Monterey
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
P: (716) 853-5100
F: (716) 853-5199
blittle@lippes.com