UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MANDY BLANKENSHIP and
LARRY SHIPP,

       Plaintiffs,                             Civil Action No. 16-CV-14506

vs.                                    HON. BERNARD A. FRIEDMAN

MONTEREY FINANCIAL
SERVICES, LLC,

       Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY**
**JUDGMENT AS TO PLAINTIFFS' FEDERAL CLAIMS AND DISMISSING THE**
**REMAINING CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION**

        This matter is presently before the Court on defendant's motion for summary judgment [docket entry 12]. Plaintiffs have filed a response in opposition. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

        This is a debt collection case. Plaintiff Blankenship purchased a dog from a third party, making a down payment and agreeing to pay off the balance in monthly installments.[1] The debt was assigned to defendant, who then began calling plaintiff and her finance, plaintiff Shipp, on their cell phones in an effort to collect. Plaintiffs allege that by making these calls defendant violated their rights under the Fair Debt Collection Practices Act ("FDCPA"), the Michigan Collection Practices Act ("MCPA"), and the Michigan Occupational Code ("MOC"). Additionally,

---

[1] While the parties refer to the arrangement as a "lease," and indeed – surprisingly – the controlling document purports to be a "closed end consumer product lease," plaintiff does not appear to be borrowing the dog (a Boston Terrier) but purchasing it in installments. The "lease" indicates that plaintiff paid $1,819.24 up front and agreed to pay off the balance with interest by making eleven monthly payments of $149.54. *See* Lucas Decl., Ex. A, attached to Def.'s Mot. for Summ. J.

plaintiff Shipp alleges that defendant violated his rights under the Telephone Consumer Protection Act ("TCPA") by calling him 35 times in October, November, and December 2016, regarding Blankenship's debt.

The complaint alleges that this Court has subject matter jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 1337, and that it has supplemental jurisdiction over the state claims under 28 U.S.C. § 1367. Diversity jurisdiction is not alleged. For relief, plaintiffs seek damages, costs, and attorney fees. Defendant has asserted a counterclaim against Blankenship, claiming that on the installment agreement she fraudulently represented Shipp's telephone number as her own, thereby leading defendant to believe that it had permission to call that number while attempting to contact Blankenship regarding the debt. For relief, defendant seeks costs, attorney fees, and damages to the extent damages are awarded for Shipp on his TCPA claim.

Under Fed. R. Civ. P. 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* dispute as to any *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). Viewing the evidence in the light most favorable to the opposing party, summary judgment may be granted only if the evidence is so one-sided that a reasonable fact-finder could not find for the opposing party. *See id.* at 248-50; *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478-80 (6th Cir. 1989). In other words, "[a] material issue of fact exists where a reasonable jury, viewing the evidence in the light most favorable to the non-moving party, could return a verdict for that party." *Vollrath v. Georgia-Pacific Corp.*, 899 F.2d 533, 534 (6th Cir.

1990). "The pivotal question is whether the party bearing the burden of proof has presented a jury question as to each element of its case." *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).

In its summary judgment motion, defendant argues that the FDCPA does not apply in this case because defendant is not a debt collector, that it did not violate the TCPA because Blankenship provided Shipp's telephone numbers on her installment agreement, and that it did not violate the MCPA or the MOC. In response, plaintiffs indicate they have abandoned their claims under the FDCPA and certain aspects of their MCPA and MOC claims. However, plaintiffs argue that certain other aspects of their MCPA and MOC claims, and Shipp's TCPA claim, should be allowed to proceed.

Shipp's TCPA claim is based on 47 U.S.C. § 227(b)(1)(A)(iii), which states:

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--

(A) to make any call (*other than a call* made for emergency purposes or *made with the prior express consent of the called party*) using any automatic telephone dialing system or an artificial or prerecorded voice–

\* \* \*

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States;

(Emphasis added.) Defendant argues that it did not violate Shipp's rights under the TCPA because he expressly consented to being called. Defendant points to the fact that on the "lease" dated September 20, 2016, Blankenship gave two telephone numbers on the "Lessee Name" line. *See* Lucas Decl., Ex. A, p. 2. In response to interrogatories, Blankenship revealed that one of these

3

numbers (the one ending in 3130) belongs to her, while the other number (the one ending in 7554) belongs to Shipp. *See* Blankenship's Responses to Interrogatories Nos. 2 and 3. Defendant also points to the following notice on page 6 of the "lease," printed directly above Blankenship's signature line, in boldfaced capital letters:

> **NOTICE TO THE LESSEE: . . . I CONSENT TO THE LESSOR (AND/OR ANY PERSON OR ENTITY ACTING ON THE LESSOR'S BEHALF, . . .) COMMUNICATING WITH ME, IN CONNECTION WITH MY APPLICATION OR MY LEASE, USING ANY TELEPHONE NUMBER, EMAIL ADDRESS, OR OTHER CONTACT INFORMATION THAT I PROVIDED IN THE APPLICATION, . . .**

Defendant concludes that it was permitted to call the 7554 number because Blankenship gave this number as a contact for herself and she consented to be contacted at any number she provided.

In response, plaintiffs argue that defendant has not demonstrated that Blankenship was authorized to act as Shipp's agent in giving defendant permission to call Shipp and that a jury should decide whether defendant reasonably relied on "Blankenship's supposed authority to bind Mr. Shipp." Pls.' Resp. at 10.

Defendant clearly has the better argument. The telephone calls at issue in this case did not violate the TCPA because Blankenship, under the terms of the "lease," consented to defendant calling either of the two telephone numbers she listed. The Sixth Circuit has recognized that "a person gives his 'prior express consent' under the statute if he gives a company his number before it calls him." *Hill v. Homeward Residential, Inc.*, 799 F.3d 544, 552 (6th Cir. 2015). Defendant called the 7554 number because Blankenship provided this as a contact for herself, thereby consenting to defendant contacting her at that number. Shipp does not allege, or offer any evidence to suggest, that defendant knew or should have known that the 7554 number did not belong

4

to Blankenship. Nor does Shipp argue, or offer any authority to suggest, that defendant had a duty to verify that the 7554 number belonged to Blankenship before calling. Nor does Shipp allege that he or Blankenship ever informed defendant that the 7554 number belonged to Shipp, not Blankenship, and that defendant should stop calling the 7554 number. Under these circumstances, Shipp has no claim under the TCPA. If Shipp objects to defendant's calls, his remedy is to sue Blankenship, not defendant. Accordingly,

IT IS ORDERED that defendant's motion for summary judgment is granted as to plaintiffs' FDCPA and TCPA claims.

IT IS FURTHER ORDERED that the parties' remaining claims, all of which arise under state law, are dismissed for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).

S/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

August 7, 2017

5